UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON SCHOOLS RISK MANAGEMENT POOL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RE-INSURANCE COMPANY et al.,<br><br>Defendants. | Case No. C21-0874-LK<br><br>ORDER GRANTING MOTION TO SEAL MATERIALS FILED IN CONNECTION WITH REPLY |

This matter comes before the Court on Defendant Sompo International Reinsurance's Motion to Seal Materials Filed in Connection with Reply, Dkt. 37. For the foregoing reasons, the Court GRANTS the Motion.

I.   BACKGROUND

This is an insurance dispute concerning Plaintiff Washington Schools Risk Management Pool's ("WSRMP") entitlement to reinsurance payments from Defendants Sompo and American Re-Insurance Company. *See* Dkt. 27. Sompo and WSRMP dispute whether WSRMP's claims against Sompo must be arbitrated pursuant to the terms of an arbitration clause in the reinsurance policy between them. On July 15, 2021, WSRMP filed a Motion for Partial Summary Judgment,

1  Dkt. 14, asking the Court to rule as a matter of law that the arbitration clause in the reinsurance

2  policy is void and inapplicable to this dispute.  On September 1, 2021, Sompo filed a Motion to

3  Compel Arbitration and Dismiss WSRMP's Amended Claims.  Dkt. 32.  In conjunction with its

4  Reply to this Motion, Sompo filed the present Motion to Seal.  Dkt. 37.

5       Sompo asks the Court to seal (1) Exhibit 1 to the Declaration of Kevin Finnerty, Dkt. 40,

6  and (2) an unredacted version of Sompo's Reply (collectively, the "Arbitration Information")

7  because this information "constitute[s] materials and information emanating from the arbitration

8  proceedings pending between Sompo and WSRMP."  Dkt. 37 at 2.  Per Sompo, the reinsurance

9  industry's standard arbitration confidentiality form, the ARIAS-US Form Confidentiality

10 Agreement and Protective Order (the "ARIAS-US Form"), requires parties to seek to file

11 information that pertains to arbitration (like the Arbitration Information) either in redacted form

12 or under seal in court.  *Id.*

13      The ARIAS-Form broadly protects information related to arbitration, *see* Dkt. 37-1 § 2,

14 but several exceptions apply.  One such exception permits a party to disclose information "as is

15 necessary in connection with court proceedings relating to any aspect of the arbitration, included

16 but not limited to motions to confirm, modify, vacate or enforce an award issued in this

17 arbitration."  *Id.* at § 3(b).  However, the ARIAS-US Form requires that, "[i]n connection with

18 any disclosures pursuant to [this exception], the parties agree, subject to court approval, that all

19 submissions of Arbitration Information to a court shall be sealed and/or redacted so as to limit

20 disclosure of Arbitration Information."  *Id.* at § 3.

21      Neither the parties nor the arbitration panel have executed the ARIAS-US Form at this

22 time.  Dkt. 37 at 3.  Sompo contends, however, that "there appears to be a substantial likelihood

23 that they (and the Arbitration Panel) ultimately will execute the ARIAS-US Form, 'as is' or as

1  modified in response to revisions to be proposed by WSRMP." *Id.* As a result, the arbitration
2  panel may order Sompo to seek the Court's permission to seal the Arbitration Information in
3  accordance with the ARIAS-US Form's requirements. *Id.* at 2. Given this, Sompo's Motion
4  preemptively "seeks to comply with the ARIAS-US Form." *Id.* at 4.
5       On September 24, 2021, Sompo conferred with WSRMP regarding Sompo's request to
6  file the Arbitration Information under seal. Dkt. 37 at 1. WSRMP declined to take a position on
7  Sompo's request. *Id.* at 2.
8       On April 20, 2022, the Court entered a Report and Recommendation, which
9  recommended compelling arbitration pursuant to the terms of the parties' arbitration agreement
10 and dismissing WSRMP's claims against Sompo. Dkt. 47.

11                    II.    DISCUSSION

12       All documents filed with the Court are presumptively public. *San Jose Mercury News,*
13 *Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). "[T]he courts of this country
14 recognize a general right to inspect and copy public records and documents, including judicial
15 records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th
16 Cir. 2016) (citation omitted). Accordingly, a party seeking to seal a judicial record bears the
17 burden of overcoming the strong presumption in favor of public access. *Id.*
18      Two standards generally govern requests to seal documents: the "compelling reasons"
19 standard for documents directly related to the underlying causes of action, such as documents
20 attached to summary judgment briefs, and the lesser "good cause" standard for documents only
21 tangentially related to the underlying causes of action, such as some discovery documents. *See*
22 *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for*
23

ORDER GRANTING MOTION TO SEAL
MATERIALS FILED IN CONNECTION WITH
REPLY - 3

1   *Auto Safety, LLC*, 809 F.3d at 1098; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

It is unclear which standard Sompo alleges governs here.  Because the "compelling reasons" standard results in greater access to the public, the Court will apply it to Sompo's Motion to Seal.  Doing so, the Court concludes that sealing is warranted.

The Court has recommended compelling arbitration and dismissing WSRMP's claims against Sompo.  The ARIAS-US Form (or some modified version thereof) will therefore apply in the arbitration proceedings, requiring the parties to seal and/or redact any court filings that disclose arbitration information.  If the Court denies Sompo's Motion at this juncture, Sompo (who presumably will no longer be a party to this action) will be required to return to this Court at a later date to move to seal the Arbitration Information.

Given that (1) the ARIAS-US Form requires the parties to seal and/or redact court filings that disclose arbitration information; (2) Sompo contends, and WSRMP does not dispute, that the parties will adopt the ARIAS-US Form in arbitration; and (3) WSRMP does not oppose Sompo's Motion to Seal, the Court finds sealing the Arbitration Information warranted.  *See GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 420 (7th Cir. 2014) (holding as a matter of comity that the presumption to public access to the judicial record was overcome by a German arbitration rule that required confidentiality of the arbitration evidence, which the parties were bound by); *Mastronardi Int'l Ltd. v. Sunselect Produce (California), Inc.*, No. 1:18-CV-00737-AWI-JLT, 2020 WL 469351, at *2 (E.D. Cal. Jan. 29, 2020) (granting motion to seal applying the "compelling reasons" standard when the arbitration rules governing the parties' arbitration required confidentiality).

/ / /

III.     CONCLUSION

For the foregoing reasons, Sompo's Motion to Seal Materials Filed in Connection with Reply, Dkt. 37, is GRANTED.  The Clerk is directed to send copies of this Order to the parties and to the Honorable Lauren King.

Dated this 20th day of April, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge