UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON SCHOOLS RISK MANAGEMENT POOL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RE-INSURANCE COMPANY and SOMPO INTERNATIONAL REINSURANCE,<br><br>Defendants. | CASE NO. 21-CV-00874-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO SEAL, AND STAYING CLAIMS AGAINST AMERICAN RE-INSURANCE |

This matter comes before the Court on Defendant Sompo International Reinsurance's Motion to Seal, Dkt. No. 37, United States Magistrate Judge[1] S. Kate Vaughan's Amended Report and Recommendation, Dkt. No. 49, Plaintiff Washington Schools Risk Management Pool's

---

[1] Plaintiff Washington Schools repeatedly refers to Judge Vaughan as "the Magistrate" in its objections brief. *See* Dkt. No. 50 at 3. It even misquotes the language of Federal Rule of Civil Procedure 72(b)(3), which refers to the "magistrate judge," not "the magistrate." *See* Dkt. No. 50 at 2 ("The Court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions.'"). Congress adopted the title of "United States [M]agistrate [J]udge" several decades ago. *See* Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In future filings, Washington Schools should use the appropriate title: Magistrate Judge.

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO SEAL, AND STAYING CLAIMS AGAINST AMERICAN RE-INSURANCE - 1

Objections, Dkt. No. 50,[2] and Sompo's Response, Dkt. No. 52.[3] Having reviewed these documents and the remaining record, the Court grants Sompo's motion to seal, adopts the Report and Recommendation, denies as moot Sompo's first Motion to Compel Arbitration and Dismiss WSRMP's Claims, grants Sompo's second Motion to Compel Arbitration and Dismiss WSRMP's[4] Amended Claims, denies Washington Schools' Motion for Partial Summary Judgment Re Arbitration and Choice of Law Provisions in Reinsurance, and dismisses Washington Schools' claims against Sompo. The Court also stays the remaining claims against Defendant American Re-Insurance Company.

## I. BACKGROUND

Judge Vaughan's Report and Recommendation details the facts and procedural history of this case. *See* Dkt. No. 49 at 1–5. Although the Court declines to fully reproduce them here, it sets forth the following background information for context and ease of reference.

Plaintiff Washington Schools is an interlocal cooperative whose membership includes several school districts, educational service districts, and other public school interlocal cooperatives. Dkt. No. 27 at 1. It exists "for the purpose of jointly self-insuring risks, jointly purchasing insurance or reinsurance, . . . contracting for joint risk management, [and maintaining] claims and administrative services for the benefit of itself and its member schools." *Id.* at 4. In accordance with this purpose, Washington Schools issued a series of Coverage Agreements to the Puyallup School District (one of its members) promising to indemnify the District for, among other

---

[2] Washington Schools captioned its filing as a "response" to Judge Vaughan's Amended Report and Recommendation, but it is in all practical respects an objection. *See* Dkt. No. 50 at 1. The Court treats it accordingly.

[3] The Court disregards the last two pages of Sompo's Response due to its violations of Local Civil Rule 10(e) and the "Structure and Typeface" requirements for motions in the Court's Standing Order. *See, e.g.*, Dkt. No. 52 at 4–5. Sompo is also not permitted to "incorporate by reference" its Motion and Reply, *see* Dkt. No. 52 at 4, as that would render its Response overlength.

[4] While the parties refer to Washington Schools Risk Management Pool as "WSRMP," the Court refers to Plaintiff as "Washington Schools."

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO SEAL, AND STAYING CLAIMS AGAINST AMERICAN RE-INSURANCE - 2

losses, legal expenses associated with sexual abuse claims against the District and its employees. *See id.* at 4–7. This coverage proved necessary.

Between 2005 and 2020, three minor students sued the District and a former teacher for sexual abuse and related misconduct—lawsuits which resulted in settlement payouts totaling $9.36 million. *Id.* at 3–4. Although Washington Schools footed the bill pursuant to its Coverage Agreements with the District, the expenses associated with the lawsuits exceeded the self-insured limits in those agreements. *Id.* at 7. Washington Schools then sought reimbursement of the excess loss through two reinsurance policies issued by Defendants Sompo and American Re-Insurance. *Id.* This effort proved futile, however, as Sompo disputed coverage and demanded arbitration under the reinsurance policy's mandatory arbitration clause. *Id.* at 9. It likewise declined Washington Schools' invitation to participate in alternative dispute resolution. *Id.* American Re-Insurance did not respond to the request. *Id.*

Washington Schools sued Sompo and American Re-Insurance in King County Superior Court for injunctive relief, declaratory relief, and breach of contract. Dkt. No. 1-1 at 9–12. Sompo timely removed the case to federal district court. Dkt. No. 1. In its amended complaint, Washington Schools asserts six causes of action—at least four of which are against only Sompo. *See* Dkt. No. 27 at 9–12. Count 1 seeks a declaratory judgment that Sompo must reinsure Washington Schools for the expenses associated with the sexual abuse lawsuits or, alternatively, that American Re-Insurance must reinsure Washington Schools for those expenses. *Id.* at 11. It also asks the Court to declare the arbitration, choice-of-law, and venue provisions in the Sompo and American Re-Insurance policies void under Section 48.18.200 of the Revised Code of Washington. *Id.* at 10–11. Count 2 alleges breach of contract against Sompo for disputing coverage under its reinsurance

policy and demanding arbitration. *Id.* at 11.[5] Count 3 seeks to enjoin Sompo from initiating arbitration under the allegedly void arbitration provision. *Id.* at 12. Count 4 claims that Sompo breached its duty to act in good faith towards Washington Schools. *Id.* Count 5 alleges that Sompo's conduct violated the Washington Consumer Protection Act, Wash. Rev. Code § 19.86. *Id*. And last, Count 6 is likewise against only Sompo for violation of the Insurance Fair Conduct Act, Wash. Rev. Code § 48.30. *Id.*

Washington Schools moved for partial summary judgment, requesting that the Court find the arbitration and choice-of-law provisions in Sompo's reinsurance policy void under Section 48.18.200. Dkt. No. 14 at 1–2, 13. Sompo responded by moving to compel arbitration and dismiss Washington Schools' amended claims under Federal Rule of Civil Procedure 12(b)(3). Dkt. No. 32 at 2.[6] The Court then referred the parties' motions to Judge Vaughan. *See* March 22, 2022 Docket Entry.

Judge Vaughan recommended granting Sompo's motion to compel arbitration and denying Washington Schools' motion for partial summary judgment. Dkt. No. 49 at 19. In doing so, Judge Vaughan concluded that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Article II, Section 3—which is implicated under Sompo's reinsurance policy—is not reverse-preempted by Section 48.18.200, meaning the arbitration clause in Sompo's

---

[5] Although Count 2 asserts that Sompo and American Re-Insurance "each have a contractual obligation" to reimburse Washington Schools, it otherwise fails to mention American Re-Insurance and contains no allegation of breach against American Re-Insurance. *See* Dkt. No. 27 at 11.

[6] This was Sompo's second motion to compel arbitration and dismiss Washington Schools' claims. *See* Dkt. No. 21 ("Motion to Compel Arbitration and Dismiss WSRMP's Claims," filed July 30, 2021). After Sompo filed its first motion to compel, Washington Schools filed an amended complaint, which prompted Sompo to re-file its motion to compel accusing Washington Schools of gamesmanship. *See* Dkt. No. 32 at 2 ("On August 18, while Sompo's First Motion was pending—and absent any change in fact or law—WSRMP filed its Amended Complaint in an apparent attempt to 'plead around' the Arbitration Clause."). Judge Vaughan suggested denying as moot Sompo's initial motion to compel. Dkt. No. 49 at 2; s*ee* Dkt. No. 21.

reinsurance policy is enforceable. *See* Dkt. No. 49 at 5–11.[7] And, under that arbitration clause, Judge Vaughan found all six of Washington Schools' claims against Sompo arbitrable. *See* Dkt. No. 49 at 11–16.[8] She likewise left for the arbitrator the issue of whether Sompo's choice-of-law provision is void under Section 48.18.200(a)(1). Dkt. No. 49 at 16–17.[9] Finally, and as particularly relevant here, Judge Vaughan recommended dismissing Washington Schools' claims against Sompo as opposed to staying them pending the outcome of arbitration. Dkt. No. 49 at 18–19; Dkt. No. 49-1 at 1. Washington Schools filed timely objections. Dkt. No. 50.

---

[7] Under Section 48.18.200(1)(b), "no insurance contract delivered or issued for delivery in [Washington State] and covering subjects located, resident, or to be performed in [Washington State], shall contain any condition, stipulation, or agreement . . . depriving the courts of [Washington State] of the jurisdiction of action against the insurer." *See also id.* § 48.18.200(2) (any condition, stipulation, or agreement in violation of this proscription is void). Although the Federal Arbitration Act would typically preempt this conflicting state law under the Supremacy Clause, the McCarran-Ferguson Act creates a system of reverse-preemption for state insurance laws. *See United States Dep't of the Treasury v. Fabe*, 508 U.S. 491, 499–501 (1993).

Under the McCarran-Ferguson Act, "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b); *see also Fabe*, 508 U.S. at 507 (while federal law ordinarily supersedes any inconsistent state law, the McCarran-Ferguson Act "reverses this by imposing . . . a rule that state laws enacted 'for the purpose of regulating the business of insurance' do not yield to conflicting federal statutes unless a federal statute specifically requires otherwise"). Courts in this district have thus found that section 48.18.200(1)(b) reverse-preempts the FAA under the McCarran-Ferguson Act. *See Landmark Am. Ins. Co. v. QBE Ins. Corp.*, No. C15-1444-RSM, 2015 WL 12631550, at *6 (W.D. Wash. Dec. 9, 2015).

Washington Schools attempts to extend this reverse-preemption rationale to the Convention. As Judge Vaughan noted, however, the Ninth Circuit recently found that Article II, Section 3 of the Convention is not an "Act of Congress" subject to reverse-preemption under the McCarran-Ferguson Act. Dkt. No. 49 at 7–8 (citing *CLMS Mgmt. Servs. Ltd. P'ship v. Amwins Brokerage of Georgia, LLC*, 8 F.4th 1007, 1017–18 (9th Cir. 2021)); *see also ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 390 (4th Cir. 2012) ("Because the Supreme Court has made clear that McCarran–Ferguson is limited to domestic affairs, we hold the Convention Act falls outside of its scope."); *Safety Nat'l Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714, 729 (5th Cir. 2009) ("There is no indication in the McCarran–Ferguson Act that Congress intended . . . to restrict the United States' ability to negotiate and implement fully a treaty that, through its application to a broad range of international agreements, affects some aspect of international insurance agreements.").

[8] Judge Vaughan recommended dismissing outright Washington Schools' request for injunctive relief in light of her determination that the arbitration clause is enforceable. Dkt. No. 49 at 13. The Court notes that an injunction "is not a cause of action, but rather a remedy," and dismisses this claim. *See Krusee v. Bank of Am., N.A.*, No. C13-824-RSM, 2013 WL 3973966, at *5 (W.D. Wash. July 30, 2013).

[9] Similar to subsection (1)(b), which targets arbitration clauses, subsection (a)(1) prohibits any "condition, stipulation, or agreement" in an insurance contract that requires the contract "to be construed according to the laws of any other state or country[.]" Wash. Rev. Code § 48.18.200(a)(1).

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO SEAL, AND STAYING CLAIMS AGAINST AMERICAN RE-INSURANCE - 5

…
…
…

## II. DISCUSSION

### A. Jurisdiction

The parties give short shrift to this Court's jurisdictional requirements. Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They accordingly "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction"). The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Sompo timely removed the case to federal court with American Re-Insurance's consent under 28 U.S.C. § 1446(b)(1)–(2)(A). Dkt. No. 1 at 5. As the removing party, Sompo had the burden to establish diversity jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). As for the second requirement, the plaintiff must establish "complete diversity," meaning "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *accord, e.g.*, *Williams v. United Airlines*, 500 F.3d 1019, 1025 (9th Cir. 2007).

For diversity purposes, the citizenship of a non-corporate entity is determined by the citizenship of each of its members, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990), but Sompo failed to identify the citizenship of Washington Schools' members in its notice of removal, Dkt. No. 1 at 2–3. Then, when Washington Schools later filed its amended complaint, it too failed to identify its membership (or the citizenship of the defendants). In fact, its "Jurisdiction and Venue" section was copied and pasted from its prior complaint, despite the fact that the case had since been removed to federal court. *Compare* Dkt. No. 1-1 at 2, *with* Dkt. No. 27 at 2. The Court directed Washington Schools to comply with Federal Rule of Civil Procedure 7.1, which requires parties "[i]n an action in which jurisdiction is based on diversity" to file a disclosure statement "nam[ing]—and identify[ing] the citizenship of—every individual or entity whose citizenship is attributed to that party[.]" Washington Schools failed to do so. *See* Dkt. No. 14 (stating only that Washington Schools' membership is "comprised of various public school districts, educational service districts, and other public school interlocal cooperatives"). The Court emphasizes that membership information is crucial not only to "facilitate an early and accurate determination of jurisdiction," but also to "support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c)." Fed. R. Civ. P. 7.1 advisory committee's notes to 2002 and 2022 amendments.[10]

Nevertheless, the Court is able to determine that diversity jurisdiction exists by a preponderance of the evidence. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012). Both Sompo and Washington Schools assert that the amount in controversy exceeds $75,000. Dkt. No. 1 at 3–5; Dkt. No. 27 at 4–9, 11–13. Washington Schools alleges that its members are all located in Washington State, Dkt. No. 27 at 1; Dkt. No. 54, and Sompo alleges that it is a citizen of Bermuda

---

[10] The Court also directed the parties to disclose conflicts in its Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(B) of the Code of Conduct For United States Judges. Dkt. No. 43.

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO SEAL, AND STAYING CLAIMS AGAINST AMERICAN RE-INSURANCE - 7

and American Re-Insurance is a citizen of Delaware and New Jersey, Dkt. No. 1 at 2. Thus, this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441.

**B.     Motion to Seal**

      1.     <u>Legal Standard</u>

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing to which the sealed record is attached and whether those records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-1102 (9th Cir. 2016). If the records at issue are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule ("LCR") 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative

to the relief sought is not sufficient." LCR 5(g)(3)(B). Sompo certifies that it has conferred with Washington Schools regarding the motion to seal as required by the Court's Local Rules, and that Washington Schools "has declined to take any position" on the motion. Dkt. No. 37 at 1–2.

    2.    <u>Sompo Has Shown Good Cause to Seal Portions of its Reply, Dkt. No. 38, and Exhibit 1 to the Declaration of Kevin J. Finnerty, Dkt. No. 41</u>

Sompo has filed a motion to seal Exhibit 1 to the Declaration of Kevin Finnerty and portions of its reply in support of its motion to compel arbitration. Dkt. Nos. 37–38, 41. At the time Sompo filed its motion, the parties were negotiating a confidentiality agreement governing their then-pending arbitration proceedings. Dkt. No. 37 at 2. Because a potential outcome of negotiations would include a requirement that Sompo seek to seal content "generated in the course of th[e] arbitration," Dkt. 37-1 at 2–3, and the exhibit and portions of the reply brief reference such content, Sompo preemptively seeks to seal this information "to avoid a waiver at odds with" the requirement. Dkt. No. 37 at 4.

The arbitration information referenced in Sompo's materials is only tangentially related to the merits of the case, so the good cause standard applies. After reviewing Exhibit 1 and the portions of the reply brief that Sompo seeks to seal, the Court finds that Sompo has made a sufficient, particularized showing of good cause to keep them under seal and redacted, respectively. They contain information generated in the course of the arbitration, and Sompo would therefore be required to seek to seal them under the potential requirement. There are no less restrictive but effective options to sealing Exhibit 1. And the redacted version of the reply satisfies the public's need for information about the issue. Therefore, the Court grants Sompo's motion to seal. Docket Numbers 38 and 41 shall remain under seal, and Docket Number 39 shall remain in its current redacted form.

**C.    Report and Recommendation**

   1.    Standard of Review

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis original) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

   2.    A Stay of Washington Schools' Claims Against American Re-Insurance is Warranted

Washington Schools raises one objection. It urges the Court to stay "the entire federal litigation"—including its claims against American Re-Insurance—pending the outcome of arbitration between it and Sompo. Dkt. No. 50 at 1.[11] Washington Schools argues that a stay is in the best interest of judicial economy because arbitration "may resolve the entire matter" and render further litigation unnecessary. *Id.* at 2. According to Washington Schools, even if the matter is not resolved in its favor at arbitration, it "may be forced to seek judicial intervention to dispute an arbitration award in favor of Sompo based on the Convention . . . , which includes procedures for parties to seek court assistance in setting aside arbitral awards that clearly violate public policy." *Id.* at 2–3. Washington Schools last contends that a stay is necessary to avoid separate proceedings. *Id.* at 3. It fears a scenario in which neither Sompo nor American Re-Insurance reimburses the

---

[11] Arbitration was scheduled for December 12-16, 2022. Dkt. No. 50 at 1.

excess losses from the sexual abuse lawsuits. *Id.* at 3–4. American Re-Insurance does not oppose a stay. Dkt. No. 50 at 1–2; Dkt. No. 51 at 4.[12]

To the extent Washington Schools argues that Judge Vaughan erred in recommending dismissal of its claims against Sompo rather than staying them, the Court disagrees. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014); *In re Wyze Data Incident Litig.*, No. C20-0282-JCC, 2020 WL 6202724, at *4 (W.D. Wash. Oct. 22, 2020). As for Washington School's request to stay the remaining claims against American Re-Insurance, however, the Court agrees that a stay is appropriate.[13]

The Court has discretion to stay litigation among non-arbitrating parties pending the outcome of the arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23 (1983). In evaluating the propriety of a stay, the Court considers whether the non-signatory lawsuit "depends upon the same facts and is inherently inseparable from the arbitrable claims," "would involve significant expense and inconvenience," or might "impair the arbitrator's consideration of claims against a party that is compelled to arbitrate." *Ballard v. Corinthian Colls., Inc.*, No. C06-5256-FDB, 2006 WL 2380668, at *2 (W.D. Wash. Aug. 16, 2006). Although the Ninth Circuit has expressed a "preference for proceeding with the non-arbitrable claims when feasible," a stay is appropriate when "the arbitrable claims predominate" or "the outcome of nonarbitrable claims will depend upon the arbitrator's decision." *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002) (cleaned up).

---

[12] Sompo's response takes no position on the propriety of staying the claims against American Re-Insurance.

[13] The Court notes that Washington Schools did not previously urge a stay with respect to the remaining claims against American Re-Insurance. It instead cabined its arguments to the stay-versus-dismissal issue, which relates only to the claims against Sompo. *See, e.g.*, Dkt. No. 36 at 9 ("However, in the event this Court compels arbitration for WSRMP claims, WSRMP respectfully requests that those claims be stayed in this case pending an outcome of the arbitration in lieu of dismissal, so that WSRMP may raise these same issues regarding an arbitration award under Article V of the Convention."). Judge Vaughan therefore did not pass on the case-wide stay issue.

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO SEAL, AND STAYING CLAIMS AGAINST AMERICAN RE-INSURANCE - 11

Here, every claim against Sompo is headed to arbitration. The only non-arbitrable claims are for declaratory judgment and breach-of-contract against American Re-Insurance, which Washington Schools also alleges against Sompo. True enough, American Re-Insurance's liability does not necessarily depend on the arbitrator's decision as to Sompo's liability (or vice versa), but these two claims "are grounded in identical facts and legal theories" with respect to both defendants. *Ballard*, 2006 WL 2380668, at *2 ("[A] district court has discretion to stay third party litigation involving common questions of fact within the scope of an arbitration agreement to which the third party is not a signatory."); *see also Kater v. Churchill Downs Inc.*, No. C15-612-RBL, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2019) ("Courts generally grant motions to stay where the plaintiff's claims against a non-signatory defendant are intertwined with their arbitrable claims against another defendant.").

It would also be inefficient to litigate these two claims against American Re-Insurance in district court while the arbitrator resolved them against Sompo, and this could also lead to inconsistent results. *See Ballard*, 2006 WL 2380668, at *2 (a stay is appropriate when claims are "grounded in identical facts and legal theories," and "simultaneous litigation of such claims in separate forums would likely lead to a duplication of effort" or risk "inconsistent decisions and inefficiencies"). Moreover, a decision in favor of Washington Schools could moot the stayed litigation against American Re-Insurance. All this counsels in favor of the Court staying the remaining proceedings against American Re-Insurance pending the outcome of arbitration.

### III. CONCLUSION

For the foregoing reasons, the Court:

(1)   GRANTS Sompo's Motion to Seal, Dkt. No. 37;

(2)   ADOPTS Judge Vaughan's Report and Recommendation, Dkt. No. 49;

(3)   DENIES as moot Sompo's first Motion to Compel Arbitration and Dismiss

WSRMP's Amended Claims, Dkt. No. 21,

(4)  GRANTS IN PART Sompo's second Motion to Compel Arbitration and Dismiss Washington Schools' Amended Claims, Dkt. No. 32;[14]

(5)  DENIES Washington Schools' Motion for Partial Summary Judgment Re Arbitration and Choice of Law Provisions in Reinsurance, Dkt. No. 14; and

(6)  STAYS the remaining proceedings against American Re-Insurance pending the outcome of arbitration between Washington Schools and Sompo.

Washington Schools and American Re-Insurance are ORDERED to file a joint status report on the later of (1) 14 days from the date of this Order or (2) 14 days from the date the arbitration proceedings are complete.

Dated this 17th day of January, 2023.

Lauren King
United States District Judge

---

[14] In its motion, Sompo sought attorney's fees and costs. Dkt. No. 38 at 6 n.3. Judge Vaughan denied this request. Dkt. No. 49 at 19.